IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JEMISON MARINE, etc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 06-0124-WS-M |
| ) | |
| THE VESSEL LADY OF LOURDES, etc., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on the plaintiff's motion to strike demand for jury trial. (Doc. 17). The complaint claims subject matter jurisdiction only under the Court's admiralty jurisdiction, provided under 28 U.S.C. § 1333. This was proper, since the suit is solely against the vessel in rem, and such an action cannot be sustained under diversity jurisdiction. *E.g., Powell v. Offshore Navigation, Inc*., 644 F.2d 1063, 1065 n.3 (5th Cir. 1981). "In limitation proceedings, as in all admiralty cases, there is no right to a jury trial." *Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th Cir. 1996).

The complaint also invokes Federal Rule of Civil Procedure 9(h), thereby confirming that the claim is purely maritime, including "for the purposes of Rule ... 38(e)." Fed. R. Civ. P. 9(h). Rule 38(e), in turn, provides that "[t]hese rules shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h)." Fed. R. Civ. P. 38(e).

The opposition, which focuses exclusively on the perceived merits of the case, (Doc. 20), is irrelevant to the legal issue presented. For the reasons set forth above, the motion to strike is **granted**. This action will proceed without a jury.

DONE and ORDERED this 25th day of July, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE